```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
DAVID MCGLYNN,

                Plaintiff,
                                                MEMORANDUM AND ORDER
          - against -
                                                20 Civ. 4546 (NRB)
CUBE NEW YORK INC.,

                Defendant.
----------------------------------------X
```
**NAOMI REICE BUCHWALD**
**UNITED STATES DISTRICT JUDGE**

Plaintiff David McGlynn, a professional photographer (hereinafter "plaintiff" or "McGlynn"), sued defendant Cube New York Inc. (hereinafter "defendant" or "Cube"), a website operator, alleging that defendant violated the Copyright Act and the Digital Millennium Copyright Act ("DMCA") by displaying nine of plaintiff's copyrighted original photographs of the Playboy Club in New York City (the "Photographs") without a license and without gutter credits.

On September 18, 2018, in an article entitled "Why women love NYC's new Playboy Club," the New York Post featured the Photographs, with gutter credits below certain of the Photographs attributing the works to plaintiff. ECF No. 1 ¶ 8. McGlynn had licensed the Photographs to the New York Post. Id. Plaintiff alleges that three days later, Cube displayed the Photographs in a commercial context without

1

license or attribution on its website in connection with an article titled "Playboy Club is Back in #MeToo Era."  Id. ¶¶ 11-12.

Defendant was served on June 16, 2020.  ECF No. 4.  After defendant failed to respond to the complaint or otherwise defend the action, plaintiff sought and received a Certificate of Default from the Clerk of Court.  ECF No. 8.  Before the Court is plaintiff's motion for default judgment.  See ECF No. 9.  For the reasons set forth below, that motion is granted in part and denied in part.

## Discussion

"In light of [Cube]'s default, a court is required to accept all of [McGlynn's] factual allegations as true and draw all reasonable inferences in its favor."  Finkel v. Romanowicz, 577 F.3d 79, 84 (2d Cir. 2009).  Nonetheless, "prior to entering default judgment, a district court is 'required to determine whether the [plaintiff's] allegations establish [the defendant's] liability as a matter of law."  City of New York v. Mickalis Pawn Shop, LLC, 645 F.3d 114, 137 (2d Cir. 2011) (alterations in original) (quoting Finkel, 577 F.3d at 84).  Further, a default "is not considered an admission of damages."  Cement & Concrete Workers Dist. Council Welfare Fund v. Metro Found. Contractors Inc., 699 F.3d 230, 234 (2d Cir. 2012) (quoting Greyhound Exhibitgroup,

2

Inc. v. E.L.U.L. Realty Corp., 973 F.2d 155, 158 (2d Cir. 1992)); see also Au Bon Pain Corp. v. Artect, Inc., 653 F.2d 61, 65 (2d Cir. 1981).  Rather, following a default, we "may determine [whether] there is sufficient evidence [to establish damages] either based upon evidence presented at a hearing" held under Rule 55(b)(2) "or upon a review of detailed affidavits and documentary evidence."  Cement & Concrete, 699 F.3d at 234.  Regardless of how the record is developed, "[t]here must be an evidentiary basis for the damages sought by plaintiff."  Id.

"[I]n an appropriate case, separate DMCA and copyright awards might be permissible," Agence France Presse v. Morel, No. 10 Civ. 2730, 2014 WL 3963124, at *10 (S.D.N.Y. Aug. 13, 2014), but ordinarily the law forbids a plaintiff from recovering twice for the same injury.  See, e.g., Cengage Learning, Inc. v. Globonline SDN, No. 14 Civ. 3174, 2018 WL 1989574, at *3 (S.D.N.Y. Apr. 25, 2018); Marshall v. Marshall, No. 08 Civ. 1420, 2012 WL 1079550, at *23 (E.D.N.Y. Mar. 30, 2012), aff'd, 504 Fed. App'x 20 (2d Cir. 2012) ("The Court is mindful that plaintiff is not entitled to duplicative recoveries for the same intellectual property theft under multiple theories of liability") (internal quotations omitted).

**1. Alleged Violations of the Digital Millennium Copyright Act**

First, in connection with defendant's removal of the gutter credits, plaintiff alleges that defendant's infringing conduct included nine violations of the DMCA arising from the manipulation of copyright management information ("CMI"). See 17 U.S.C. § 1202(b). As compensation, he requests statutory damages of $2,500 per violation, for a total damages award of $22,500. See id. § 1203(c)(3)(B) ("[A] complaining party may [seek] to recover an award of statutory damages for each violation of section 1202 in the sum of not less than $2,500 or more than $25,000.").

For purposes of this provision, CMI is defined to include "[t]he name of, and other identifying information about, the author" and/or "the copyright owner of [a copyrighted] work," when such information is "conveyed in connection with copies . . . of a work." Id. § 1202(c)(2)-(3). Courts have construed this definition to encompass photo credits conveyed in connection with copyrighted photographs, whether or not "the CMI . . . appear[s] on the work itself." Agence France Presse v. Morel, 769 F. Supp. 2d 295, 305 (S.D.N.Y. 2011).

To plead a successful Section 1202(b)(3) claim, a plaintiff must prove the following: "(1) the existence of CMI in connection with a copyrighted work; and (2) that a

4

defendant 'distribute[d] . . . works [or] copies of works'; (3) while 'knowing that [CMI] has been removed or altered without authority of the copyright owner or the law'; and (4) while 'knowing, or . . . having reasonable grounds to know' that such distribution 'will induce, enable, facilitate, or conceal an infringement.'" Mango v. BuzzFeed, Inc., 970 F.3d 167, 171 (2d Cir. 2020) (citing 17 U.S.C. § 1202(b)) (alterations in original).  Thus, Section 1202(b)(3) of the DMCA creates a "double-scienter" requirement, which compels a plaintiff to show that "the defendant who distributed improperly attributed copyrighted material [had] actual knowledge that CMI 'ha[d] been removed or altered without authority of the copyright owner or the law,' as well as actual or constructive knowledge that such distribution 'w[ould] induce, enable, facilitate, or conceal an infringement.'"  Id.

Here, plaintiff has clearly pled the first three elements of the statute. First, plaintiff adequately alleges that the Photographs contained CMI by reference to the gutter credits — which specify plaintiff's name — in the New York Post article. ECF No. 1-2; see Mango v. BuzzFeed, Inc., 356 F. Supp. 3d 368, 378 (S.D.N.Y. 2019), aff'd, 970 F.3d 167 (2d Cir. 2020) ("the gutter credit need not be on the Photograph or present in the Photograph's metadata to constitute

5

protected CMI"). Second, plaintiff sufficiently alleges that defendant distributed the Photographs, without attribution, by reference to the article on Cube New York's website. ECF No. 1-3. Third, plaintiff adequately alleges that defendant knew that the CMI had been removed or altered, as plaintiff's provision of an actual example of the infringing conduct suffices to establish knowledge of the removal of CMI. See, e.g., Agence, 769 F. Supp. 2d at 306; BanxCorp v. Costco Wholesale Corp., 723 F. Supp. 2d 596, 610 (S.D.N.Y. 2010). Here, plaintiff appended defendant's article, which displays the Photographs without gutter credits. ECF No. 1-3.

Plaintiff stumbles, however, in connection with the fourth element, which requires that plaintiff allege that defendant knew that distribution of the Photographs would "induce, enable, facilitate, or conceal an infringement." 17 U.S.C. § 1202(b). Though plaintiff has adequately alleged the first three elements to establish a claim under Section 1202(b)(3), he must proffer additional allegations to support the inference that Cube knew that its publication of the Photographs would lead to infringement. However, plaintiff's sparse factual allegations that "Cube New York did not license the Photographs" and that "Cube New York [did not] have Plaintiff's permission or consent to publish the Photographs," ECF No. 1 ¶ 12, are insufficient to "permit the

6

court to infer more than the mere possibility of [the claimed] misconduct," Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009). Moreover, plaintiff's allegation that defendant intended to induce the infringement of plaintiff's copyright, ECF No. 1 ¶ 25, is nothing more than a "a legal conclusion couched as a factual allegation," Iqbal, 556 U.S. at 678 (internal quotation marks omitted).

The Court thus denies plaintiff's motion for default with respect to the DMCA claim.

### 2. Alleged Violations of the Copyright Act

Plaintiff next alleges that defendant violated the Copyright Act by publishing the Photographs, for which plaintiff is the "sole owner of all right, title and interest," where Cube did not "license the Photographs from Plaintiff for its article, nor did [Cube] have Plaintiff's permission or consent to publish the Photographs on its Website."  ECF No. 1 ¶¶ 9, 12.  Plaintiff seeks statutory damages of $2,500 for each of the nine Photographs.

"To state a claim for copyright infringement, a plaintiff must plausibly allege facts that demonstrate (1) ownership of a valid copyright, and (2) the defendant['s] copying of constituent, original elements of plaintiff's copyrighted work." McDonald v. West, 138 F. Supp. 3d 448, 453 (S.D.N.Y. 2015), aff'd, 669 F. App'x 59 (2d Cir. 2016).

7

Section 504(c) of the Copyright Act permits the award of statutory damages "with respect to any one work . . . in a sum of not less than $750 or more than $30,000 as the court considers just." 17 U.S.C. § 504(c)(1). If the court finds willful infringement, "the court in its discretion may increase the award of statutory damages to a sum of not more than $150,000." Id. § 504(c)(2). "Copyright infringement is deemed willful by virtue of a defendant's default." Rovio Ent., Ltd. v. Allstar Vending, Inc., 97 F. Supp. 3d 536, 546 (S.D.N.Y. 2015) (citing All-Star Mktg. Grp., LLC v. Media Brands Co., 775 F. Supp. 2d 613, 621-22 (S.D.N.Y. 2011)).

There is no question that this claim is adequately stated in the complaint: plaintiff alleges, inter alia, that he is the exclusive rights holder for the Photographs registered with the United States Copyright Office; that at no time did he permit defendant to publish those images; and that defendant nevertheless published the images on its website without attribution to plaintiff. See 17 U.S.C. § 501; id. at § 106. Thus we turn to the question of statutory damages.

To the extent possible given the ranges set forth in 17 U.S.C. § 504(c), an award of "statutory damages should bear some relation to actual damages suffered." RSO Records, Inc. v. Peri, 596 F. Supp. 849, 862 (S.D.N.Y. 1984). Thus, it is common for courts to tether their assessments of statutory

8

damages to "the [copyright] owner's loss of the fair market value of the license fees he might have exacted of the defendant." On Davis v. The Gap, Inc., 246 F.3d 152, 166 (2d Cir. 2001). Here, however, plaintiff has elected to seek statutory damages and has chosen not to disclose the actual sale price of his Photographs. ECF No. 10 ¶ 17. Thus we are left without a viable actual damages amount on which to base our award. Moreover, plaintiff's failure to disclose his usual licensing fee can lead to an inference that it is de minimis. See, e.g., Seelie v. Original Media Grp. LLC, No. 19 Civ. 5643, 2020 WL 136659, at *4 (E.D.N.Y. Jan. 13, 2020); Bass v. Diversity Inc. Media, No. 19 Civ. 2261, 2020 WL 2765093, at *4 (S.D.N.Y. May 28, 2020). Further, the Court finds the requested award of $2,500 per Photograph excessive in light of the fact that each of the nine Photographs came from plaintiff's engagement at a single event.

Nevertheless, the Court finds that an award of $1,000 per Photograph is appropriate. The infringement of nine Photographs, and the need to deter infringing conduct in the future, justifies this award. See, e.g., Dermansky v. Tel. Media, LLC, No. 19 Civ. 1149, 2020 WL 1233943, at *4 (E.D.N.Y. Mar. 13, 2020) (awarding $1,000 in statutory damages under the Copyright Act for one act of infringement where there is no evidence of any actual harm).

Accordingly, plaintiff is entitled to statutory damages of $1,000 for each of the nine Photographs — a total damages award of $9,000.

### 3. Attorneys' Fees and Costs

Additionally, pursuant to 17 U.S.C. § 505, this Court has discretion to award reasonable attorneys' fees to the prevailing party in a copyright infringement action. Here, plaintiff seeks $722.50 in attorneys' fees and $440 in costs. There can be no serious dispute that this is a reasonable amount, and accordingly plaintiff is entitled to the $1,162.50 in fees and costs that he seeks.

*         *         *

Plaintiff's motion for default judgment is hereby granted in part and denied in part. Plaintiff's request for damages pursuant to Section 1202(b) of the DMCA is denied. However, plaintiff is granted damages for violations of the Copyright Act in the principal amount of $9,000, plus post-judgment interest to be calculated (from the date of entry of the judgment) by the Clerk of Court at the rate set forth in 28 U.S.C. § 1961. Plaintiff is further granted $1,162.50 in reasonable fees and costs.

The Clerk of Court is respectfully directed to enter final judgment in favor of the plaintiff in accordance with

the terms of this Memorandum and Order and to terminate the motion currently pending at docket entry 9.

**SO ORDERED.**

Dated:   New York, New York
         April 9, 2021

                                   _____
                                   NAOMI REICE BUCHWALD
                                   UNITED STATES DISTRICT JUDGE